UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GIANLUCA CAVALERI,

                      Plaintiff,

        - against -

AMGEN INC., and IMMUNEX
CORPORATION,

                    Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1762 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Gianluca Cavaleri brought this products liability action against Defendants Amgen Inc. ("Amgen") and Immunex Corporation ("Immunex") in the Supreme Court of New York, Queens County. On April 10, 2020, Defendants removed the action to this Court and subsequently moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief. Because the Court lacks subject-matter jurisdiction, it must *sua sponte* remand this action to the state court.

## BACKGROUND

      In 2011, Plaintiff began taking Defendants' drug Enbrel to treat psoriatic arthritis. (Complaint, Dkt. 1-2, ¶ 8.) Plaintiff alleges that, as a result of taking Enbrel, he was diagnosed in 2017 with chronic inflammatory demyelinating polyneuropathy ("CIDP") and has suffered other "serious chronic debilitating injuries and illness," including "numbness and muscle weakness throughout his body . . . , pain in legs when walking, poor balance, loss of strength in arms, paralysis of left hand, optic neuritis, erectile disfunction [sic], speech impairment, [and] depression." (*Id.* ¶¶ 10–13.) Plaintiff's Complaint, filed in state court, asserts damages that

1

"exceed[] the jurisdictional limits of all lower courts which would otherwise have jurisdiction," but does not specify any amount. (*See id.* ¶¶ 15, 21, 27.)

In removing this case, Defendants invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332 as the basis for federal subject-matter jurisdiction. (Notice of Removal ("Notice"), Dkt. 1, ¶ 4.) Defendants alleged that complete diversity exists because Plaintiff is a citizen of New York, Defendant Amgen is a Delaware corporation with its principal place of business in California, and Defendant Immunex is a Delaware corporation with its principal place of business in California. (*Id.* ¶¶ 5–8.) As for the amount in controversy, Defendants admitted that the Complaint "does not specify the amount of money damages sought," but Defendants argued that, given the injuries alleged, "the face of the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs." (*Id.* ¶ 10.) Upon removal, Defendants moved to dismiss the Complaint. (*See* Dkts. 7, 13.) Plaintiff has responded to Defendants' motion, but otherwise has not contested the Court's jurisdiction or moved to remand. (*See* Dkts. 10, 14.)

## DISCUSSION

It is axiomatic that "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002) ("District courts must police subject matter jurisdiction on their own initiative." (citations omitted)). Indeed, the removal provisions explicitly provide: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Second Circuit has construed this statutory provision as authorizing a district court to remand a case *sua sponte* at any time upon finding that it lacks subject-matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435

F.3d 127, 133 (2d Cir. 2006) (citing, *inter alia*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

In any case removed from state court on the basis of federal diversity jurisdiction, the removing party bears the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Where "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273–74 (citation omitted). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo*, 28 F.3d at 274). Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Daversa v. Cowan Equip. Leasing LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted) (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)); *accord Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (quoting *Moltner*).

Here, Defendants fail to meet their burden of showing that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. As Defendants admit, the Complaint

3

"does not specify the amount of money damages sought."[1] (Notice, Dkt. 1, ¶ 10). Nor have Defendants requested and been served with any document that specifies the alleged damages.[2]

Defendants instead rely on the injuries alleged in the Complaint to argue that "the face of the Complaint demonstrates that the amount in controversy exceeds $75,000." (*Id.*) In particular, Defendants rely on Plaintiff's allegation that he has suffered "chronic debilitating injuries and illness," including CIDP, numbness and muscle weakness throughout the body, pain in the legs when walking, poor balance, loss of strength in the arms, paralysis of the left hand, optic neuritis, erectile dysfunction, speech impairment, and depression. (*Id.* (quoting Complaint, Dkt. 1-2, ¶¶ 12–13).) But these allegations do not permit the Court to draw a reasonable inference that the specific amount in controversy exceeds $75,000. *See, e.g.*, *Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (remanding where the plaintiff's complaint alleged that plaintiff "suffer[ed] personal injuries requiring medical treatment, including but not limited to burns to his face and body and corneal burns to his right eye, [] was [] sick, sore and lame and . . . suffer[ed] great pain and emotional distress" (alterations in original)); *Perez v. Smith*, No. 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (concluding that defendant did not satisfy its burden to establish the jurisdictional amount simply by submitting

---

[1] The Complaint's boilerplate allegation that "the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" (*e.g.*, Dkt. 1-2, ¶ 27) refers to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, *see Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2, *2 n.3 (S.D.N.Y. May 23, 2008) (collecting cases).

[2] Under New York law, a defendant in an action to recover damages for personal injuries "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of this law, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (citation omitted).

proof that "plaintiff is claiming injuries to his neck, back, right shoulder, right ankle and right knee, has been receiving physical therapy, seen by pain management physician, and has been recommended for surgery of his right knee which is in the process of being scheduled"); *Burtis v. Samin*, No. 18-CV-2789 (DLI) (VMS), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (finding that no reasonable inference could be drawn about the amount in controversy from allegations in the plaintiff's complaint that he "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Noguera*, 2011 WL 5117598, at *3 (finding allegations that the plaintiff sustained "serious and permanent personal injuries . . . including neck trauma, back trauma, contusions, abrasions, bruises and swelling about her body resulting in substantial and related pain" to be insufficient to establish the required amount in controversy).

Additionally, the cases that Defendants cite do not help them. (*See* Notice, Dkt. 1, ¶ 11 (citing *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008); *Nickel v. Nike, Inc.*, No. 11-CV-4495 (PKC), 2011 WL 4343852, at *1–3 (S.D.N.Y. Aug. 18, 2011); *Juarbe v. Kmart Corp.*, No. 05-CV-1138 (TPG) (TS), 2005 WL 1994010, at *2 (S.D.N.Y. Apr. 7, 2005)).) In all of those cases, the defendants sought an agreement or stipulation from the plaintiffs to limit damages to $75,000 but were unsuccessful—in other words, the plaintiffs in those cases effectively admitted that the amount in controversy was greater than $75,000. *See Felipe*, 572 F. Supp. 2d at 459; *Nickel*, 2011 WL 4343852, at *2–3; *Juarbe*, 2005 WL 1994010, at *2. There is no indication that Defendants here have attempted to seek any agreement or stipulation from Plaintiff to limit damages to $75,000 and that Plaintiff refused.

Accordingly, the Court finds that the allegations in Defendants' Notice are insufficient to establish that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.[3] In such instances, the Court has not hesitated to remand *sua sponte* for lack of federal subject-matter jurisdiction. *See, e.g.*, *Torres v. O'Brien-Briggs*, No. 20-CV-5360 (PKC) (RLM), 2020 WL 7024368, at *2–4 (E.D.N.Y. Nov. 30, 2020); *King v. J.B. Hunt Transport, Inc.*, No. 20-CV-5310 (PKC) (RER), 2020 WL 6545905, at *2–3 (E.D.N.Y. Nov. 6, 2020); *Abuladze v. Batista*, 20-CV-3310 (PKC) (CLP), 2020 WL 4369633, at *2–3 (E.D.N.Y. July 30, 2020); *Ventura v. Air Wolf, Inc.*, No. 20-CV-1841 (PKC) (RER), 2020 WL 1941279, at *2–3 (E.D.N.Y. Apr. 22, 2020); *Anderson v. Keystone Freight Corp.*, No. 19-CV-5381 (PKC) (VMS), 2019 WL 5291173, at *2–3 (E.D.N.Y. Oct. 18, 2019); *Brown*, 2019 WL 5287960, at *2–3. The Court does not hesitate to do so again today.[4]

---

[3] While Defendants cite *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994), for the proposition that "the Court may look outside the pleadings to other evidence in the record" where "the pleadings alone are inconclusive as to the amount in controversy" (Notice, Dkt. 1, ¶ 9), *see also, e.g.*, *Macareno v. Delta Air Lines, Inc.*, 2021 WL 405878, at *2 ("Courts often allow defendants to present additional evidence of the amount in controversy if there is a good reason for doing so."), Defendants have offered no such evidence for the Court to consider.

[4] The Court acknowledges that Defendants removed this case nearly a year ago, and in that time, the parties have briefed a motion to dismiss. Nevertheless, "[a] district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). Because the record here does not support the existence of federal subject-matter jurisdiction, remand is necessary. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Agha v. Ramirez*, 19-CV-478 (DLI) (RER), 2020 WL 6200185, at *1–3 (E.D.N.Y. Oct. 21, 2020) (*sua sponte* remanding a case that the parties had been litigating in federal court for almost two years because the defendants' notice of removal did not sufficiently establish the amount in controversy required for diversity jurisdiction).

## CONCLUSION

This case is remanded to the Supreme Court of New York, Queens County, under Index No. 721164/2019, as the Court lacks federal subject-matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 8, 2021
      Brooklyn, New York