UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GIANLUCA CAVALERI,

                      Plaintiff,

          - against -

AMGEN INC. and IMMUNEX
CORPORATION,

                     Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1762 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On April 10, 2020, Defendants Amgen Inc. ("Amgen") and Immunex Corporation ("Immunex") removed this products liability action from the Supreme Court of New York, Queens County, to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice of Removal, Dkt. 1, ¶ 4.) On March 8, 2021, the Court *sua sponte* remanded the case to the state court under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction, finding that the allegations in the Notice of Removal were insufficient to establish that the amount in controversy exceeded $75,000 for purposes of diversity jurisdiction. (Remand Order, Dkt. 15, at 3–7.) Defendants presently move to stay the mailing of a certified copy of the Remand Order to the state court (Dkt. 16) and for reconsideration of the Remand Order (Dkt. 17). The motions are dismissed because the Court lacks jurisdiction over this matter, or alternatively, they are denied.

## DISCUSSION

The Court begins by addressing its jurisdiction to consider the motions. Except for circumstances that are not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "[T]he 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding

1

cases on section 1447(c) grounds." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). In terms of when the district court is divested of jurisdiction, however, that point, per *Shapiro*, is "upon [the district court's] mailing of a remand order based on section 1447(c) grounds to state court." *Id.* (emphasis omitted). Therefore, the district court retains jurisdiction of a matter until a certified copy of a remand order under section 1447(c) has been mailed to the state court. *See id*; *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355–56, 356 n.2, (3d Cir. 2013) (holding that the district court had jurisdiction to deny a motion for reconsideration of its remand order because a certified copy of the order had not yet been mailed to the state court at the time the court considered the motion, and noting that this holding accorded with the Second Circuit's decision in *Shapiro*). But "once a section 1447(c) remand order has been mailed to the state court . . . , federal jurisdiction is at an end." *Shapiro*, 412 F.3d at 312.

Here, the Court filed its section 1447(c) Remand Order on March 8, 2021, at 6:04 p.m. (Dkt. 15.) Nearly a full day later, on March 9, 2021, at 5:23 p.m., Defendants filed an emergency motion for a stay (Dkt. 16), followed by a motion for reconsideration a few hours later, at 8:14 p.m. (Dkt. 17). The next morning, March 10, 2021, at 9:16 a.m., a certified copy of the March 8 Remand Order was mailed to the state court. (3/10/2021 Docket Entry.) Thus, regardless of whether it was theoretically possible for the Court to have ruled on the motions at the time that they were filed, it is plain that at this point the Court lacks jurisdiction over this matter, and the motions must be dismissed. *See Shapiro*, 412 F.3d at 312.

However, even if the Court had jurisdiction to reconsider its Remand Order, it would deny reconsideration. A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Nussbaum v. Spider, Inc.*, No. 09-CV-2025 (JS) (ETB), 2009 WL 3756668, at *1 (E.D.N.Y. Oct. 30, 2009). "[T]he standard for granting [a Rule

59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (alteration in original) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Rule 60(b) provides relief from a final judgment or order for—among other things—mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). This rule is a means of "extraordinary judicial relief" and "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). None of Defendants' asserted grounds for reconsideration convinces the Court that this is the rare case that would merit reconsideration.

To start, the Court disagrees that its Remand Order applied an incorrect legal standard. Defendants argue that the order runs afoul of the standard set by the Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), which holds that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and that "[e]vidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." (*See* Memorandum of Law in Support of the Motion for Reconsideration ("Recon. Mot."), Dkt. 17-1, at 1–4.) As an initial matter, *Dart Cherokee* was a case "invoking CAFA [*i.e.*, the Class Action Fairness Act], which Congress enacted to facilitate adjudication of certain class actions in federal court." 574 U.S. at 89 (citing S. Rep. No. 109-14, p. 43, which notes that CAFA should be read in light of "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant"). It is not evident that the standard established in *Dart Cherokee* would be apt in other cases relying on the general removal statute under 28 U.S.C. § 1441(a),[1] which "federal

---

[1] CAFA cases are removable under 28 U.S.C. § 1453(b).

3

courts construe . . . narrowly, resolving any doubts against removability." *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)); *accord Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). Notably, the Supreme Court in *Dart Cherokee* decided that "no antiremoval presumption attends cases invoking CAFA," but expressly declined to decide the issue with respect to "mine-run diversity cases." *See* 574 U.S. at 89.

In any event, the Court's decision here is not inconsistent with *Dart Cherokee*'s holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See id.* In alleging the jurisdictional amount, Defendants' Notice of Removal relies on Plaintiff's asserted injuries—namely

> CIPD [chronic inflammatory demyelinating polyneuropathy], numbness and muscle weakness throughout his body with the worst parts being the extremities, especially his feet, legs, left forearm and left hand, pain in legs when walking, poor balance, loss of strength in arms, paralysis of left hand, optic neuritis, erectile dysfunction, speech impairment, depression.

(Notice of Removal, Dkt. 1, ¶ 10 (alteration in original) (quoting Complaint, Dkt. 1-2, ¶¶ 12–13).) But, as the Remand Order explains, "these allegations do not permit the Court to draw a reasonable inference that the specific amount in controversy exceeds $75,000." (Remand Order, Dkt. 15, at 4–5 (collecting cases)). In other words, the Court does not find that Defendant's Notice of Removal plausibly alleges the required jurisdictional amount in controversy. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint plausibly alleges a claim when it "pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged" (emphasis added)). Courts in this district, both before and after *Dart Cherokee*, have routinely arrived at the same conclusion in cases with similar allegations. *See, e.g.*, *Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y.

4

Oct. 18, 2019) (finding that no reasonable inference could be drawn about the amount in controversy from allegations that plaintiff "suffer[ed] personal injuries requiring medical treatment, including but not limited to burns to his face and body and corneal burns to his right eye, [] was [] sick, sore and lame and . . . suffer[ed] great pain and emotional distress" (alterations in original)); *Burtis v. Samin*, No. 18-CV-2789 (DLI) (VMS), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (finding that no reasonable inference could be drawn about the amount in controversy from allegations that plaintiff "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619 (ARR) (RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) (finding as insufficient allegations that "plaintiff suffered a lumbar spine injury" that "required surgical procedures"); *Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (finding allegations that the plaintiff sustained "serious and permanent personal injuries . . . including neck trauma, back trauma, contusions, abrasions, bruises and swelling about her body resulting in substantial and related pain" to be insufficient).

      The Court also rejects Defendants' suggestion that they were entitled to submit evidence regarding the amount in controversy prior to the Court's *sua sponte* Remand Order. Defendants argue that "*Dart Cherokee* requires that a defendant be afforded a reasonable opportunity to present evidence if the plaintiff or the district court questions the jurisdictional allegations in a notice of removal." (Recon. Mot., Dkt. 17-1, at 5.) *Dart Cherokee*, however, simply states, "Discovery *may* be taken with regard to [the] question [of the jurisdictional threshold amount]," 574 U.S. at 89 (emphasis added) (quoting H.R. Rep. No. 112-10, p. 16 (2011)), just as "a district court has discretion to order jurisdictional discovery in a removal case with improperly pleaded citizenship," *Platinum-Montaur*, 943 F.3d at 617–18. Of course, "[c]ourts often allow defendants to present

additional evidence of the amount in controversy if there is a good reason for doing so." *Macareno v. Delta Air Lines, Inc.*, No. 20-CV-6323 (AMD) (RLM), 2021 WL 405878, at *2 (E.D.N.Y. Feb. 5, 2021). But in this case, the Notice of Removal provided no indication that the Court should proceed to exercise its discretion to allow discovery or additional presentment of evidence instead of simply remanding. As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under New York Civil Practice Law and Rules ("CPLR") § 3017(c),[2] and defendants thus proceed at their peril in removing cases before doing so and simply presuming that their allegations will be deemed sufficient with respect to the required amount in controversy. *See Brown*, 2019 WL 5287960, at *2 n.2; *Burtis*, 2018 WL 2304765, at *3; *Dischiavi v. St. Jude Med.*, No. 17-CV-4955 (DLI) (RLM), 2017 WL 3700897, at *2 (E.D.N.Y. Aug. 24, 2017); *Duncan v. Crawford*, No. 16-CV-4699 (PKC) (JO), 2016 WL 4919891, at *2 n.2 (E.D.N.Y. Sept. 14, 2016); *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Defendants argue that utilizing CPLR § 3017(c) here was "impossible," given that "the state court system was effectively closed" at the time Defendants removed the case because of the COVID-19 pandemic. (Recon. Mot., Dkt. 17-1, at 7 n.3.) This is no excuse; even assuming *arguendo* that the state courts were "effectively

---

[2] CPLR § 3017(c) provides that "a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). In this Circuit, "the removal clock [under 28 U.S.C. § 1446(b)] does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (observing that in *Moltner*, the Circuit drew "a bright line rule requiring service of a document explicitly stating the amount in controversy to trigger either 30-day period in 28 U.S.C. § 1446(b)").

closed" for a period of time, this did not prevent defense counsel from simply mailing or emailing a CPLR § 3017(c) damages demand to Plaintiff's counsel. Furthermore, the time and place for Defendants to make their argument was at removal in their Notice of Removal, not now in a motion for reconsideration.

That all being said, however, the Court appreciates the seeming unfairness of the Court's *sua sponte* remand, when, as it turns out and unbeknownst to the Court, after removal of this matter, Plaintiffs did serve a written settlement offer of $100,000 on Defendants. But, even though the timing of events has produced a result that is unfortunate from Defendants' perspective,[3] the fact remains that, at the time the Court issued its Remand Order, it was not obligated to allow Defendants to introduce evidence regarding the jurisdictional amount.

Finally, Defendants' prejudice argument is similarly unavailing. Defendants contend that they will be "severely prejudiced" by a remand of their case because over a year has passed since this case was commenced in state court in December 2019, and thus, upon remand, Defendants are barred from re-removing it because of the one-year limit in 28 U.S.C. § 1446(c)(1). (Recon. Mot., Dkt. 17-1, at 6 (citing 28 U.S.C. § 1446(c)(1)); *see also* Complaint, Dkt. 1-2.) While the Court acknowledges that almost a year passed before it *sua sponte* identified the jurisdictional defect and issued its Remand Order, the Court is nonetheless bound to follow the command of 28 U.S.C. § 1447(c): "If at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Indeed, the Court could have made this determination earlier, but Defendants cannot claim prejudice based on *their* failure to sufficiently allege the requisite jurisdictional amount or take the statutorily

---

[3] It is worth noting that Defendants obviously are not being denied or impaired in their ability to defend themselves; they simply have to do so in state court, which the Court does not view as "severe prejudice."

7

authorized and readily available step of making a supplemental damage demand on Plaintiff to ensure that they could do so *before* removing.  Contrary to Defendants' suggestion, that the Court found the Notice of Removal's amount-in-controversy allegations wanting should come as no surprise; as discussed, many courts in this district have made the same finding under similar circumstances.  *See supra* (citing *Brown*, 2019 WL 5287960, at *2; *Burtis*, 2018 WL 2304765, at *2; *Palmer*, 2017 WL 3037411, at *2; *Noguera*, 2011 WL 5117598, at *3); *see also Daversa v. Cowan Equip. Leasing LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) ("In this Circuit, a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." (internal quotation marks and citation omitted)).

For all the reasons set forth in the Remand Order and herein, remand for lack of subject-matter jurisdiction was proper, and reconsideration of that decision, even assuming the Court still has jurisdiction, is not warranted.

## CONCLUSION

Defendants' motions for a stay and for reconsideration are dismissed because the Court lacks jurisdiction, or in the alternative, are denied.  This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 12, 2021
       Brooklyn, New York